UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

INTERSCOPE RECORDS, et al.,

                              Plaintiffs,

       v.                                                      3:07-cv-0108

WILLIAM KIMMEL,

                              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

        Plaintiffs, the copyright owners or exclusive licensees of copyrighted sound recordings, commenced the instant action pursuant to the copyright laws of the United States, 17 U.S.C. § 101 et seq., claiming that Defendant William Kimmel has used and distributed copyrighted material in violation of Plaintiffs' exclusive rights. Defendant has asserted counterclaims seeking: (1) a declaration of non-infringement; and (2) a declaration that Plaintiffs have forfeited their exclusive rights under the copyright laws by virtue of their misuse of such copyrights. Presently before the Court is Plaintiffs' motion for dismiss the counterclaims pursuant to FED. R. CIV. P. 12(b)(6) and/or 12(f).

**I.    FACTS**

        According to the Complaint, Plaintiffs are the "copyright owners or licensees of exclusive rights under United States copyright with respect to certain copyrighted sound recordings." Compl. at ¶ 19. The Complaint alleges that "Defendant, without the permission or consent of Plaintiffs, has used, and continues to use, an online media distribution system

to download the Copyrighted Recordings, to distribute the Copyrighted Recordings to the public, and/or to make the Copyrighted Recordings available for distribution to others." Id. at ¶ 21. This conduct attributed to Defendant is claimed to violate Plaintiffs' rights under the copyright laws.

Defendant filed an Answer together with two counterclaims. The first counterclaim seeks a declaration of non-infringement. In the counterclaim, Defendant claims that he has not infringed Plaintiffs' copyrights because: (1) Plaintiffs do not allege any specific acts of downloading or file-sharing or provide any details of time and place regarding such acts, Def's Counterclaims at ¶ 17; (2) Defendant was not physically present in New York at the time the infringement allegedly occurred, id. at ¶ 18; (3) Defendant never violated Plaintiffs' rights and has never copied any of the song files at issue, id. at ¶ 19; (4) Plaintiffs have previously discontinued similar lawsuits, thereby preventing "the legitimacy of their conduct and strategy from being judicially examined," id. at ¶ 23; and (5) Plaintiffs are "a cartel acting collusively in violation of the antitrust laws and public policy, by litigating and settling all cases similar to this one together, and by entering into an unlawful agreement among themselves to prosecute and to dispose of all cases in an identical manner and through common lawyers." Def's Answer, Thirteenth Aff. Def. at ¶ 2.

Defendant's second counterclaim alleges misuse of copyright. This counterclaim again alleges that "defendants are a cartel acting collusively in violation of the antitrust laws and public policy. . . ." Def.'s Counterclaims at ¶ 28. Defendant alleges that "[s]uch acts constitute misuse of copyrights, and lead to a forfeiture of the exclusive rights granted to counterclaim defendants by those laws." Id. at ¶ 31.

Presently before the Court is Plaintiffs' motion seeking dismissal of the counterclaims in their entirety.

## II.     DISCUSSION

### a.     Dismissal of the First Counterclaim

Plaintiffs seek dismissal of the first counterclaim seeking a declaratory judgment of non-infringement on the ground that it is redundant of Plaintiffs' own copyright infringement claims. Some court have agreed that "a declaratory judgment that [the defendant] did not infringe plaintiffs' copyrights . . . is redundant and unnecessary." Arista Records, L.L.C., et al., v. Tschirhart, SA-05-CA-372-OG (W.D. Tx. May 24, 2006); see also F.D.I.C. v. Project Development Corp., 819 F.2d 289 (unreported) ("[W]hen a counterclaim merely restates the issue as a 'mirror image' to the complaint, the counterclaim serves no purpose."); Interscope Records, et al., v. Duty, 05-cv-3744 (D. Az. April 14, 2006) ("The issue of copyright infringement will be decided by this court regardless of the declaratory judgment claim unless the parties stipulate to settle, or the Recording Companies move to voluntarily withdraw their complaint and the court so orders pursuant to Rule 41(a)(2). . . . Therefore, [t]he claim for a declaratory judgment is redundant and unnecessary, and the . . . motion to dismiss it is granted.").

Whether such a declaratory judgment should be entertained depends on the facts and circumstances of the individual case. For example, in Leach v. Ross Heater & Manuf. Co., 104 F.2d 88 (2d Cir. 1939), the plaintiff brought an action for patent infringement. The defendant asserted a counterclaim of non-infringement. The Second Circuit wrote that:

> The facts set forth in the counterclaim, if pleaded in a complaint in a suit
> brought independently and prior to a suit for infringement, would state a
> case for relief by declaratory judgment. Where a patentee notifies the

trade that a competitor is infringing, the competitor may bring an action under the Act of June 14, 1934, 28 U.S.C. 400, 28 U.S.C.A. 400, to have his rights and those of the patentee in respect of the claimed infringement declared.  Sometimes that is the only remedy he has to correct a condition in the trade that is causing him a great deal of damage. . . . In the present case, while the recital of facts concerning a controversy between the patentee and a predecessor of the pleader, without adequate showing that the pleader is in some way responsible for the conduct of the predecessor, does not make out an actual controversy between the parties and so does not state a case for declaratory judgment, the pleader also avers that the patentee is threatening prospective customers generally with liability for infringement in case they purchase the pleader's products.  This suffices to show an actual controversy between the parties and a need for present relief.  We have no doubt that the facts pleaded by the defendant would have constituted a case or cause of action for relief by declaratory judgment if the defendant had anticipated the patentee in commencing suit.

Is the defendant's case for declaratory judgment worse because presented in a counterclaim, his adversary having already brought suit for infringement? The district courts have generally sanctioned such a counterclaim in suits for patent infringement. . . . We think that these decisions are sound.  The counterclaim falls within former Equity Rule 30, 28 U.S.C.A. 723, as a claim for relief arising out of the transaction or maintainable in equity.  The need for declaratory judgment is diminished, it is true, by the fact that the patentee has commenced his suit, but the need cannot be said to have wholly disappeared; the patentee may, for all that the defendant knows, withdraw his suit without prejudice and continue broadcasting assertions of infringement.  The commencement of suit by the patentee does not necessarily mean that the controversy between him and the defendant is about to be determined on the merits.  The situation here is in effect the same as where suit is brought to enforce an instrument and the defendant in addition to a defense on the merits pleads the same facts as a counterclaim for cancellation, or where suit is brought to establish title to real estate and the defendant counterclaims to remove cloud on title.  There are practical considerations that point in the same direction.  It is not disputed that if the counterclaim is dismissed and the plaintiff permitted to withdraw his suit, as ordered below, the defendant may promptly sue the plaintiff for declaratory judgment on the same facts as those shown in the counterclaim.  We see nothing useful in forcing the defendant thus to waste time and seek out the plaintiff in a distant jurisdiction.  While it may turn out at trial that a decision on the merits of the plaintiff's bill will dispose of the controversy between the parties completely and render declaratory judgment unnecessary, in which case the counterclaim may be dismissed, we are

> of opinion that it was error to strike out the counterclaim at so early a stage.

104 F.2d at 91-92.

In Leach, the Second Circuit clearly favored allowing a counterclaim seeking a declaratory judgment of non-infringement to proceed. The reason for this, however, was that, if the plaintiff withdrew the claim of infringement, a very real case and controversy would continue to exist because: (1) there was no judgment on the merits; and (2) the patentee was threatening prospective customers with liability for infringement if they were to purchase the defendant's products. As such, notwithstanding the potential dismissal of the plaintiff's infringement claim, the defendant had a legitimate, ongoing concern over the validity of the plaintiff's patent.

Leach must, however, be compared with Larson v. General Motors Corp., 134 F.2d 450 (2d Cir. 1943), in which the Second Circuit held that it was improvident for the district court to exercise jurisdiction over a counterclaim alleging the invalidity of a patent. In Larson, the plaintiff brought a patent infringement claim. The defendant asserted a counterclaim of non-infringement. Thereafter, the plaintiff consented to a dismissal of its infringement claim on the merits. At that point, "the situation changed; and only the most shadowy controversy over the validity of the patent thereafter remained." Id. at 453. The Second Circuit held that continuing to exercise jurisdiction over the counterclaim was not necessary because: (1) the judgment dismissing the infringement claim "put an end to any controversy as to those cars which the plaintiffs had alleged to infringe" and therefore barred a second action on the same claim; and (2) the plaintiffs had not threatened the defendant with suits against any future

designs. Id. at 453-454. Thus, in Larson, there was no continuing case or controversy once the plaintiff's infringement claim was dismissed.

In this case, unlike the case of Altvater v. Freeman, 319 U.S. 359 (1943), cited by Defendant, Defendant does not challenge the validity of the Plaintiffs' copyrights. Rather, Defendant's counterclaim is that he did not engage in the acts alleged in Plaintiffs' Complaint or that the Complaint fails to state a claim upon which relief can be granted.[1] Thus, unlike in Leach, if Plaintiff withdraws its infringement claim, any continuing controversy is even more "shadowy" than that described in Larson. If Plaintiffs withdraw their claim, there is no continuing threat lingering over Defendant. Unlike the defendants in Leach and Larson, there is no indication that Defendant is in the business of distributing music and, therefore, this case does not involve claims of ongoing infringement. The Court finds that, if Plaintiffs' infringement claim is withdrawn, there is no continuing case or controversy. For this reason, the counterclaim should be dismissed.[2]

---

[1] The Court is aware that Defendant claims that his counterclaims "go beyond seeking a mere declaration of non-infringement" by seeking to have the Court determine that Plaintiffs' have forfeited their copyrights by virtue of their "essentially fraudulent and collusive . . . downloading and file-sharing suits, and the improper actions and motives which are behind them." Def.'s Mem. of Law at 2. These claims will be discussed *infra* in connection with the motion to dismiss Defendant's second counterclaim alleging misuse.

[2] The case of Capitol Records, Inc. v. Foster, No. 04-1569 (W.D. Okla. Oct. 5, 2005), relied upon by Defendant is readily distinguishable from this case. Foster involved a motion to strike pursuant to Rule 12(f). The Foster court denied the motion on the ground that it was "loath to grant a motion to strike for redundancy absent some showing of confusion or prejudice to the moving party." Id. at 2. Here, the Court is not striking the counterclaim pursuant to Rule 12(f), but dismissing it for pursuant to Rule 12(b)(6) and because, for reasons to be discussed *infra*, the Court declines to exercise its discretion to entertain the declaratory judgment action.

To the extent that Warner Bros. Records v. Stubbs, No. Civ-06-793 (W.D. Okla. March 13, 2007), supports Plaintiff's argument, this Court respectfully disagrees with the conclusion of that court and, for reasons to be discussed, declines to entertain the declaratory judgment action.

Of course, aside from the fact that a court may only issue a declaratory judgment in case of actual controversy within its jurisdiction, the Declaratory Judgment Act, 28 U.S.C. § 2201(a) "does not require the courts to issue a declaratory judgment. Rather, it confers a discretion on the courts rather than an absolute right upon the litigant." The New York Times Co. v. Gonzales, 459 F.3d 160, 165 (2d Cir. 2006) (internal quotations and citations omitted). There are five factors this Court must consider before entertaining a declaratory judgment action: (i) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; (ii) whether a judgment would finalize the controversy and offer relief from uncertainty; (iii) whether the proposed remedy is being used merely for procedural fencing or a race to res judicata; (iv) whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court; and (v) whether there is a better or more effective remedy. Dow Jones & Co., Inc. v. Harrods Ltd., 346 F.3d 357, 359-60 (2d Cir. 2003).

On its face, the first and second factors would seem to favor entertaining Defendant's counterclaim. Ordinarily, a judgment concerning the validity of the copyrights would serve a useful purpose in clarifying or settling the legal issues involved and would offer a sense of finality. Under the facts and circumstances of this case, however, it would not. There are several reasons for this. First, Defendant is not challenging the validity of the copyrights, but whether his conduct violated the rights of the copyright owners. Second, whether Defendants' conduct violated Plaintiffs' copyrights is a part of Plaintiffs' claims which are already before the Court. Thus, entertaining a declaratory judgment would be redundant to the claim already pending. Third, unlike a case challenging the validity of a copyright, the primary issue in this case appears to be a factual dispute concerning whether Defendant

actually downloaded, used, and/or distributed Plaintiffs' copyrighted materials without authorization to do so.  If Plaintiffs choose not to continue this action, there is no continuing controversy concerning Defendants' conduct and there is no reason to force them to defend a claim by Defendant arguing that he did nothing wrong.  Countenancing such a theory for entertaining Defendant's counterclaim would open the floodgates to endless potential litigation by persons seeking a declaration that there activities do not violate another's rights.

The third factor also weighs against entertaining the counterclaim.  It appears that this counterclaim has been asserted solely as procedural fencing.  As noted, the issues concerning whether Defendant infringed Plaintiffs' copyrights are squarely before the Court.  Through their cause of action, Plaintiffs are obligated to demonstrate that Defendant's conduct constitutes infringement.  In defending that claim, Defendant is free to raise the issues that make up his counterclaim; that is, whether Plaintiffs have evidence of specific instances of downloading or file-sharing, whether Defendant was present in New York at the time in issue, whether Defendant copied any of the songs, etc. By asserting non-infringement as a counterclaim, Defendant is simply attempting to recast himself as the Plaintiff.

The fourth factor is of little weight here and weighs neither in favor of or against entertaining the counterclaim.  The Court finds that the fifth factor also weighs against entertaining the counterclaim.  There is a more effective remedy than Defendant's counterclaim; namely, Plaintiffs' claim of infringement.

For the foregoing reasons, the Court finds that Defendant's first counterclaim seeking a declaration of non-infringement must be dismissed.  <u>See</u> <u>generally</u>

Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 269 F. Supp.2d 1213, 1226 (C.D. Cal. 2003).

Defendant's second counterclaim seeks a declaration that Plaintiffs' copyrights are unenforceable because they have misused those copyrights. "The defense of copyright misuse prevents a copyright owner from recovering for infringement where [it] has impermissibly extended the copyright monopoly in a manner which constitutes an unreasonable restraint of trade." Coleman v. ESPN, Inc., 764 F. Supp. 290, 295 (S.D.N.Y. 1991). Assuming that the affirmative defense of copyright misuse is cognizable in this Circuit, it is a defense and not "a vehicle for affirmative relief." Broadcast Music, Inc. v. Hearts/ABC Viacom Entertainment Servs., 746 F. Supp. 320, 328 (S.D.N.Y. 1990); see also Artista Records, Inc. v. Flea World, Inc., 356 F. Supp.2d 411, 428 (D. N.J. 2005) ("[C]opyright misuse is not a claim but a defense, and Defendants may not transmute it into an independent claim merely by labeling it one for 'declaratory judgment.'"); Grokster, Ltd., 269 F.Supp.2d at 1226. In light of the facts that misuse is not the basis for affirmative relief, Defendant claims misuse as an affirmative defense, and he can raise the defense in the course of defending Plaintiffs' infringement claim, the second counterclaim is dismissed.[3]

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs' motion to dismiss Defendant's counterclaims is GRANTED.

IT IS SO ORDERED.

---

[3] The viability of this defense is dubious at best. Defendant claims that Plaintiffs' concerted efforts to enforce their copyrights through joint investigation and litigation somehow violates the antitrust laws (Plaintiff does not assert any claims of violation of the antitrust laws) and constitutes fraudulent conduct. Of course, enforcing a valid copyright, without more, is not copyright misuse. Artista Records, Inc., 356 F. Supp.2d at 428.

Dated:June 18, 2007

                                      Thomas J. McAvoy
                                      Senior, U.S. District Judge