1   UNITED STATES DISTRICT COURT

2   NORTHERN DISTRICT OF NEW YORK

3   ------------------------------------------------

4   INTERSCOPE RECORDS, et al.

5

6                    Plaintiffs,

7       -versus-                              07-CV-108

8                                    **(MOTION HEARING - DECISION)**

9   WILLIAM KIMMEL

10

11                   Defendant.

12  ------------------------------------------------

13       TRANSCRIPT OF PROCEEDINGS held in and for
    the United States District Court, Northern District of
14  New York, at the James T. Foley United States Courthouse,
    445 Broadway, Albany, New York  12207, on MONDAY,
15  DECEMBER 10, 2007, before the HON. THOMAS J. MCAVOY,
    United States District Court Senior Judge.

16

17  **APPEARANCES:**

18  FOR THE PLAINTIFFS:

19  HOLME, ROBERTS LAW FIRM - BOULDER OFFICE

20  BY:  TIMOTHY M. REYNOLDS, ESQ.

21

22  FOR THE DEFENDANT:

23  OFFICE OF RICHARD A. ALTMAN

24  BY: RICHARD A. ALTMAN, ESQ.

25

                    *BONNIE J. BUCKLEY, RPR*
              *UNITED STATES COURT REPORTER - NDNY*

*INTERSCOPE RECORDS v KIMMEL*     *07-CV-108*

1          (Court commenced at     AM.)

2               THE CLERK:  Interscope Records, et al versus

3    William Kimmel, 2007-CV-108.  May we have the appearance on

4    behalf of the plaintiff.

5               MR. REYNOLDS:  Good morning, your Honor.  Tim

6    Reynolds on behalf of plaintiffs.

7               THE COURT:  Good morning, Mr. Reynolds.

8               THE CLERK:  On behalf of the defendant, please.

9               MR. ALTMAN:  Richard A. Altman.

10               THE COURT:  All right.  Defendant is moving

11   here to dismiss under the Rule 41 two dismissal rule, for

12   attorneys' fees, for costs, and for sanctions.  Why should

13   that happen in this case?

14          (Oral argument heard...)

15          (Bench decision rendered, as follows:)

16               THE COURT:  Okay.  Plaintiffs, the copyright

17   owners or exclusive licensees of copyrighted sound recordings

18   commenced the instant action pursuant to the copyright laws of

19   the United States, 17 U.S. Code Section 101, et seq, claiming

20   that the defendant William Kimmel has used and distributed

21   copyrighted material in violation of plaintiffs' exclusive

22   rights.

23               Presently before the Court is defendant's

24   motion to dismiss based on the two dismissal rules contained

25   in Federal Rule of Civil Procedure 41.

*INTERSCOPE RECORDS v KIMMEL      07-CV-108*

1    The relevant facts are as follows:   Plaintiffs

2   commenced an action against various Doe defendants in the

3   Western District of New York in April of 2005.   Given the

4   nature of the claims at issue here, sharing of copyrighted

5   materials via the Internet by unknown computer users,

6   plaintiffs had little choice but to commence an action against

7   unspecified defendants in the Western District of New York

8   where the relevant Internet service provider, the Rochester

9   Institute of Technology, was located.   Through information

10   obtained from a subpoena, plaintiffs learned that one of the

11   likely computer users was defendant William Kimmel.

12   Consequently, plaintiffs sent defendant a letter advising him

13   that he had, quote, been sued by a number of record companies

14   for copyright infringement, close quote.   The letter further

15   stated that, quote, although you have already been sued, you

16   have not been named as a defendant, close quote.   Plaintiffs

17   ultimately voluntarily dismissed the action pursuant to Rule

18   41(a)(1) in August of 2005.

19    Thereafter, in January 2006, plaintiffs

20   commenced a second action against William Kimmel in the

21   District of Maryland.   That action was dismissed in May of

22   2006 by Court order pursuant to Rule 4(m) for failure to

23   timely effectuate service.   Plaintiffs commenced a third

24   action against William Kimmel in the District of Maryland in

25   May of 2006.   The Court issued a notice to plaintiffs

*INTERSCOPE RECORDS v KIMMEL      07-CV-108*

1   indicating that it had not received proof of service and that

2   if proper proof was not filed within 120 days after filing the

3   complaint, the Court, upon its own motion, would dismiss the

4   complaint.   In response to the notice, plaintiffs dismissed

5   the action pursuant to Rule 41(a)(1).

6               Plaintiffs then commenced the instant action in

7   January 2007.   Defendant now seeks dismissal pursuant to Rule

8   41 two dismissal rule.   Plaintiffs respond that dismissal is

9   inappropriate because, one, the first dismissal was an action

10  against John Doe, not plaintiff; two, the second decision was

11  by court order and not a voluntary dismissal; three, that

12  there are additional plaintiffs in the instant case that were

13  not included in the prior cases; and four, the third dismissal

14  was an action erroneously commenced against plaintiff's father

15  who shares an identical first and last name with plaintiff

16  himself -- not plaintiff himself.   So they're both named

17  William Kimmel.

18              As to the second dismissal, the Court agrees

19  with plaintiffs that it does not count for purposes of the two

20  dismissal rule.   The rule only applies to voluntary dismissal

21  under Rule 41(a)(1), not court ordered dismissals.   See ASX

22  Investment Corporation versus Newton, 183 F.3d 1265, at 1268.

23  The question that remains is whether the other suits operate

24  as dismissals against defendant that would invoke application

25  of the two dismissal rule.

*INTERSCOPE RECORDS v KIMMEL     07-CV-108*

1       As the Second Circuit stated, it seems to be

2   universally accepted that the primary purpose of the two

3   dismissal rule is to prevent an unreasonable use of

4   plaintiff's unilateral right to dismiss an action prior to the

5   filing of the defendant's response of pleading.  The two

6   dismissal rule is an exception to the general principle

7   contained in Rule 41(a)(1) and honored in equity prior to the

8   adoption of the federal rules that a voluntary dismissal of an

9   action does not bar a new suit based upon the same claim.

10  Where the purpose behind the two dismissal exception would not

11  appear to be served by its literal application and where that

12  application's effect would be to close the courthouse doors to

13  an otherwise proper litigant, the Court should be most careful

14  not to construe or apply the exception too broadly.  The

15  entire purpose of the rule was to strike from judges and

16  litigants useless shackles of procedure to the end that a fair

17  trial the essential questions would be had.  The basic purpose

18  of the federal rules is to administer justice through fair

19  trials, not through summary dismissals as necessary as they

20  may be on occasion.  Poloron Products Incorporated versus

21  Lybrand Ross Brothers & Montgomery, 534 F.2d 1012, at 1017.

22  The purpose of the two dismissal rule is to prevent

23  unreasonable abuse and harassment by a plaintiff securing

24  numerous dismissals without prejudice.  Sutton Place

25  Development Company versus Abacus Mortgage Investment Company,

6

*INTERSCOPE RECORDS v KIMMEL      07-CV-108*

1   826 F.2d 637, at 640.  The rule is not to be construed too

2   broadly.  ASX Investment Corporation, at 183 F.3d 1267.  There

3   are circumstances when due regard for the underlying policy

4   concerns of the rule may require that the Court depart from

5   the precise language of the rule.  Sutton Place, 826 F.2d at

6   840.

7             Here, there's no evidence of an intent to

8   harass by plaintiffs.  Similarly, there's no indication that

9   plaintiffs are abusing the system.  The undisputed evidence

10  before the Court is that the dismissals were effectuated due

11  to service of process issues or issues relating to venue.  As

12  noted, given the nature of these types of claims, plaintiffs

13  had little choice but to commence litigation in the Western

14  District of New York in the fashion it did.  While plaintiffs

15  could have been more diligent in their attempts to effectuate

16  service on defendant, locating defendant proved difficult

17  because of his admitted moves between Rochester, New York,

18  Gambrillis, Maryland, a temporary residence in Binghamton, New

19  York, and constant going back and forth between the two

20  places.  See Kimmel affidavit at paragraph two.

21             Thus, for example, after commencing the first

22  lawsuit and serving a subpoena on the Internet service

23  provider, plaintiffs learned of defendant's identity and

24  obtained an address for him at 207 Heatherbloom Trail,

25  Gambrillis, Maryland.  During that time, defendant, who was a

**INTERSCOPE RECORDS v KIMMEL      07-CV-108**

1   student, was between Rochester, New York, and Gambrillis,

2   Maryland, ultimately returning to Maryland.   Shortly after the

3   second suit was commenced, which was filed in the District of

4   Maryland, the defendant moved to Binghamton, New York.   By his

5   own admission, defendant moved to a temporary residence with a

6   friend while he looked for a permanent place to live.   For the

7   next several months, defendant was frequently going back and

8   forth between the two places to move his possessions.   Kimmel

9   affidavit at paragraph 2.

10              The same situation was presented with respect

11  to the third suit, which was also filed in the District of

12  Maryland.   Based on this record, it cannot be said that

13  plaintiffs' reasons for discontinuing the prior suits was

14  unreasonable or intended to a harass or annoy defendant.   In

15  addition, defendant has actively participated in this

16  litigation, including asserting counterclaims for more than

17  ten months prior to raising his two dismissal claims.   After

18  plaintiffs commenced the action, defendant appeared, answered

19  and served counterclaims.   One of the defendant's

20  counterclaims sought a declaration of noninfringement.   This

21  counterclaim was a mere image of the complaint which asserted

22  claims of infringement.   Thus, plaintiffs wanted a judgment of

23  infringement, while the defendant wanted a judgment of

24  noninfringement.   Through this counterclaim, the defendant

25  affirmatively sought to litigate the issue whether he

*INTERSCOPE RECORDS v KIMMEL     07-CV-108*

1   infringed upon plaintiff's copyright, the very same issue that

2   is subject of plaintiffs' claims.

3                    In May of 2007, plaintiffs moved to dismiss

4   defendant's counterclaim instead of filing a cross-motion

5   seeking dismissal of the complaint by reason of the two

6   dismissal rule which, if successful, likely would have mooted

7   the counterclaims.  Defendant argues that his counterclaims

8   seeking a judgment of noninfringement should proceed.  That's

9   what he argues.  Such a position is contrary to the notion

10  that the copyright infringement issue was already adjudicated

11  in defendant's favor by operation of the two dismissal rule

12  and that the instant action is barred by res judicata.

13  Indeed, on the motion to dismiss, defendant argued that

14  plaintiffs should not be able to abandon their claims and

15  leave the issue undecided.  Defendant's memorandum of law at

16  6.  Defendant contended that plaintiffs were attempting to

17  prevent the determination of the merits by attempting to

18  withdraw the complaint without prejudice.  Defendants argued

19  that in such an instance, a declaratory judgment counterclaim

20  should be permitted to stand because it's the only means by

21  which a defendant can have his day in court and obtain a

22  judgment of noninfringement.  Defendant's memorandum of law at

23  5.  Again, if defendant believed the instant action to be

24  precluded by res judicata, he would not have needed to assert

25  and defend against dismissal of his counterclaims or argue

INTERSCOPE RECORDS v KIMMEL     07-CV-108

1    that the underlying copyright infringement issue remains

2    outstanding or that defendants should not be permitted to

3    prevent determination of the merits.  Rather, defendant could

4    have moved to dismiss this entire action under Rule 41(a) and

5    the principles -- under the principles of res judicata and

6    then, rest assured, that he would be protected from future

7    suits based on the conduct at issue here.  These facts weigh

8    against application of the two dismissal rule.

9                   Further, while defendant raised the two

10   dismissal rule as an affirmative defense in his answer, he

11   waited to move for dismissal on this ground until significant

12   activity transpired in this case until ten months after the

13   complaint was filed.  Under the Uniform Pretrial Scheduling

14   Order issued in this case, Rule 26(a)(1), mandatory

15   disclosures were to be exchanged by July 30, 2007, and all

16   discovery was directed to be completed on or before

17   December 31, 2007.  The discovery period was nearly over and

18   defendant engaged in discovery by the time defendant moved to

19   dismiss.

20                   In addition, the Court notes that the third

21   dismissal was prompted by a notice by the District of Maryland

22   stating that if service was not timely effectuated or

23   extension of time sought, the case would be dismissed on the

24   Court's own motion.  In light of the fact that the Court's

25   notice requested a prompt response, service had not been

*INTERSCOPE RECORDS v KIMMEL     07-CV-108*

1  effectuated.   The defendant had not been located in Maryland

2  and it may have made more sense to pursue litigation in the

3  district that the defendant was found.   It was not

4  unreasonable for plaintiffs to have withdrawn the action.

5  Plaintiffs could have ignored the District of Maryland's

6  notice and request for a response and waited for the Court to

7  dismiss the action on its own.   This Court sees little reason

8  why plaintiffs should be punished for responsibly responding

9  to the court's notice.

10             Principles of equity weigh against allowing

11  defendant to assert the two dismissal rule ten months after

12  the filing of the complaint and after taking advantage of the

13  discovery process and affirmatively litigating the right to

14  proceed on the counterclaims.

15             For all the foregoing reasons, the Court finds

16  that the purpose behind the two dismissal exception would not

17  appear to be served by its literal application and that the

18  effect would be to close the courthouse doors to an otherwise

19  proper litigant.   Poloron, 534 F.2d at 1017.   Courts have long

20  noted preference for adjudication on the merits and not

21  permitting victories based on mere technicalities.   Poloron,

22  at 1017.   The facts and circumstances of this case warrant

23  resolution on the actual merits, not victory by overtechnical

24  application of the rules.   That being said, going forward,

25  plaintiffs should take special care to strictly adhere to the

*INTERSCOPE RECORDS v KIMMEL      07-CV-108*

1    rules of procedure and the local rules of this Court.

2                    Accordingly, defendant's motion to dismiss is

3    denied.  Because defendant has not been determined to be a

4    prevailing party and the Court has found the two dismissal

5    rule not to apply here, the motion for attorneys' fees, costs,

6    and sanctions are also denied.

7                    Plaintiff shall submit an order on notice to

8    defendant within 11 days of today's date.

9                    Thank you both for an interesting argument.

10                    Court stands adjourned in this matter.

11                    MR. REYNOLDS:  Your Honor, may I address one

12   other issue?  In the Court's order setting this date as the

13   motion date, the Court indicated the parties would have 30

14   days to complete discovery from this date.  We would ask that

15   that be extended to 60 days, given the holiday, and also given

16   that we didn't get discovery responses, waited three months

17   for discovery responses; the deposition was set in late

18   November, now we've waited an additional time to take the

19   deposition; together with the upcoming holidays, we request 60

20   days to complete discovery.

21                    THE COURT:  What's the defendant say about

22   that?

23                    MR. ALTMAN:  I take no position on it one way

24   or the other.

25                    THE COURT:  We'll give you 60 days.  Make sure

*BONNIE J. BUCKLEY, RPR*
*UNITED STATES COURT REPORTER - NDNY*

INTERSCOPE RECORDS v KIMMEL     07-CV-108

1    you notify the Magistrate Judge.

2              MR. REYNOLDS:  Thank you, your Honor.

3              THE COURT:  Court stands adjourned.

4              (Court adjourned at 11:10 AM.)

5                        *  *  *  *  *

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

BONNIE J. BUCKLEY, RPR
UNITED STATES COURT REPORTER - NDNY

1

2

3                    **C E R T I F I C A T I O N**

4

5

6            I, BONNIE J. BUCKLEY, RPR, Official Court Reporter

7    in and for the United States District Court, Northern District

8    of New York, do hereby certify that I attended at the time and

9    place set forth in the heading hereof; that I did make a

10   stenographic record of the proceedings held in this matter and

11   caused the same to be transcribed; that the foregoing is a

12   true and correct transcript of the same and whole thereof.

13

14

15

16                                    _____

17                                    BONNIE J. BUCKLEY, RPR

18                                    USDC Court Reporter - NDNY

19

20   DATED:   DECEMBER 30, 2007

21

22

23

24

25

                        *BONNIE J. BUCKLEY, RPR*
                  *UNITED STATES COURT REPORTER - NDNY*